JOHN C. ULIN (SBN 165524)
Email:      julin@troygould.com
BENJAMIN W. CLEMENTS (SBN 299126)
Email:      bclements@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone:  (310) 553-4441
Facsimile:  (310) 201-4746

Attorneys for Plaintiff
LA GOLF PARTNERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA GOLF PARTNERS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> TGL GOLF HOLDINGS, LLC, a Delaware limited liability company; LA GOLF CLUB, INC., a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> 1. Trademark Infringement (15 U.S.C. § 1114); <br> 2. Trademark Infringement (15 U.S.C. § 1125(a)) <br> 3. False Association and Designation of Origin or Approval (15 U.S.C. § 1125(a)) <br> 4. False Advertising (15 U.S.C. § 1125(b)) <br> 5. Trademark Infringement (Cal. Bus. & Prof. Code § 14200) <br> 6. Trademark Infringement (California Common Law) <br> 7. Unfair Competition (Cal. Bus. & Prof. Code § 17200) <br> 8. False Advertising (Cal. Bus. & Prof. Code § 17500) <br> 9. Unfair Competition (California Common Law) <br><br> **DEMAND FOR JURY TRIAL** |

1  Plaintiff LA Golf Partners, LLC ("Plaintiff" or "LA Golf"), with knowledge of
2  its own actions and upon information and belief as to other matters, alleges the
3  following against Defendants TGL Golf Holdings, LLC ("TGL"), LA Golf Club, Inc.
4  ("LAGC"), and DOES 1-10, inclusive (collectively, "Defendants").

## I.

## SUMMARY OF ACTION

1.    This action arises out of Defendants' deliberate infringement of LA
Golf's trademarks. Since its founding in 2018, LA Golf has become one of the golf
industry's hottest brands—selling golf clubs, shafts, putters, balls, on-course and off-
course apparel and related accessories and merchandise. Since May 2022, LA Golf
has also operated an entertainment lounge and club in Beverly Hills where it hosts
golf industry, social, and corporate events. And it is currently poised to open similar
entertainment lounge and club venues in other cities. It has been providing these
goods and services under the names "LA Golf" and "LA Golf Club" for years, and
owns the trademarks for "LA GOLF," "LA GOLF CLUB," and "LAGP," among
other marks (collectively, the "LA GOLF Marks"). LA Golf has developed a stellar
reputation and a substantial amount of goodwill in its marks in the domestic and
worldwide marketplaces, having been the official golf shaft partner of the LIV Golf
Tour in 2023, and having equity investors and ambassadors such as golf champions
Dustin Johnson and Bryson DeChambeau assisting legendary club designer Jeff
Meyer in developing industry-changing technological advances in its products.

2.    In late 2023, Defendants announced that the first team in TGL's new
golf league would be a Los Angeles-based team called "Los Angeles Golf Club."
Defendants promptly began promoting the team in advance of launching the new
league, including by selling apparel and merchandise under the names "LA Golf
Club" and "Los Angeles Golf Club," and variations thereof. These activities
immediately and increasingly unleashed a torrent of confusion in the marketplace.
LA Golf has received inquiries and comments from individuals in nearly every

1  segment of its operations, from existing partners, to potential investors, to actual
2  consumers, all of whom have been confused by, or concerned about the potential for
3  confusion and damage to the brand resulting from, Defendants' activities.

4          3.      LA Golf attempted to resolve this dispute without litigation, through
5  informal discussions and later with an Initial Demand Letter in October of 2023. But
6  since being alerted of the infringement and confusion in the marketplace, TGL and
7  LAGC abruptly broke off communication in 2024 and began to go more frequently
8  by the name "LA Golf Club" rather than "Los Angeles Golf Club" in numerous
9  public references. LAGC took the extraordinary step of making a new primary logo
10 that imitates an established and popular "LA Golf" logo used on LA Golf hoodies
11 and t-shirts sold since before TGL even started, and making matters worse, they used
12 the infringing marks and logos on products that LA Golf also sold under its name and
13 marks, including apparel and golf balls. LA Golf monitored the effect of TGL and
14 LAGC's infringing activities on its business and ultimately decided that it could no
15 longer be tolerated, sending a Second Demand Letter to TGL and LAGC in January
16 of 2025. TGL's response was to file a declaratory relief action in Delaware, a state in
17 which no party has a physical presence, operations, or employees. LA Golf now
18 brings this action to vindicate its rights and protect the flourishing brand it has spent
19 tens of millions of dollars to develop.

20                                            **II.**
21                                    **THE PARTIES**

22         4.      Plaintiff LA Golf Partners, LLC is a limited liability company organized
23 under the laws of the state of Delaware, with its principal place of business at 4992 E
24 Hunter Avenue, Anaheim, California 92807.

25         5.      Defendant TGL Golf Holdings, LLC is a limited liability company
26 organized under the laws of the state of Delaware, with its principal place of business
27 at 807 South Orlando Avenue, Suite J, Winter Park, Florida 32789.

28

**TroyGould
PC**

COMPLAINT

04847-0002  4918-3632-1300.1

6.     Defendant LA Golf Club, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 667 W. Indiantown Road, Suite 50-420, Jupiter, Florida 33458.

7.     The true names and capacities of Defendants sued herein as DOES 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said DOE Defendants when ascertained. Each of these fictitiously named Defendants are responsible in some manner for the acts and conduct alleged herein and such Defendants proximately caused Plaintiff harm as alleged herein.

## III.

## <u>JURISDICTION</u>

8.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over LA Golf's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

9.     This Court has personal jurisdiction over TGL and LAGC because, on information and belief, they (a) have marketed, distributed, offered for sale, and/or sold infringing products and services to persons within the state California; (b) regularly transact and conduct business within the state of California; and/or (c) have otherwise made or established contacts within the state of California sufficient to permit the exercise of personal jurisdiction.

10.    The Central District of California is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to LA Golf's claims occurred in this District.

## IV.

## FACTUAL ALLEGATIONS

**A.    LA Golf Becomes an Established Brand in the Golf Industry**

11.    LA Golf was founded in 2018 out of the legacy shaft company "Matrix," and quickly became one of the hottest lifestyle brands and leading providers of golf equipment on the PGA Tour and in the golf consumer marketplace. It did so out of its manufacturing facility in Anaheim, California in collaboration with golf superstars (and investors) Bryson DeChambeau, Dustin Johnson, and others, creating a "cool" lifestyle brand to go with products that all include improved material sciences and game-changing intellectual property.

12.    In 2023, LA Golf was the official golf shaft partner of the LIV Golf Tour, the new worldwide golf league that has disrupted the ecosystem of professional golf by attracting many of golf's biggest stars (DeChambeau and Johnson included), and the LA Golf putter was famously used to strike the winning putt by DeChambeau at the 2024 U.S. Open.

13.    In addition to shafts, LA Golf has expanded its product line and intellectual property portfolio to include some of the best putters and golf balls in the industry, including the acquisition of SIK putter company and its revolutionary "descending loft technology," and the acquisition of the assets of Clear golf ball company to go with the development of its own "LA Golf Ball" Version One.

14.    While LA Golf has not made any public announcements yet other than the patent it filed with co-developer Bryson DeChambeau, various news outlets have already reported a "scoop" regarding the potential upcoming release of the first LA Golf Driver, with significant buzz in the industry about what this new technology will do for golfers of all skill levels.

15.    More than just equipment, LA Golf has also created one of the "cooler" lifestyle apparel brands in the golf industry, having partnered over the years with popular celebrities and content creators, who have helped design and market LA

**TroyGould
PC**

COMPLAINT

Golf-branded equipment, clothing, and apparel consistently and increasingly since its inception. This includes, but is not limited to, limited edition releases, popular hoodies, letterman jackets, golf shirts, t-shirts, hats, and other items that are sold to and worn by the public both at and away from the golf course.

16.     With major strategic partnerships including the likes of Discovery Land Company and its golf destinations around the world, and distribution throughout multiple continents around the globe, LA Golf has become a well-known player in the industry.

17.     LA Golf's innovative ventures include existing operations and future plans around its "LA Golf Clubs." Beginning in May 2022, before "LA Golf Club, Inc." was even incorporated or announced, LA Golf began operating an entertainment lounge and club in Beverly Hills, where it has hosted numerous golf industry, social, and corporate events under the name "LA Golf Club." LA Golf plans to expand that concept into larger consumer-facing "LA Golf Club" venues, with active and immediate partnerships being formed to launch in major U.S. and international cities in the coming years.

18.     Over the past five years, LA Golf has spent tens of millions of dollars to continue to expand its portfolio of offerings and to build an established brand in the golf industry.

**B.     LA Golf's Trademarks**

19.     LA Golf is the owner of enforceable trademark rights in the United States for the "LA GOLF" mark, including as depicted below. On September 7, 2021, LA Golf filed an application in the United States Patent and Trademark Office ("PTO") for registration of the "LA GOLF" mark in connection with golf club shafts, golf clubs, golf balls, head covers for golf clubs, and related golf equipment, apparel, accessories, and merchandise. The PTO issued a Notice of Allowance on April 11, 2023 and the application remains pending for final registration. LA Golf owns

registrations for its LA GOLF mark in the United Kingdom, the European Union, Mexico, Canada, and Australia.

# LA GOLF

20.     LA Golf is the owner of a federal trademark registration, Reg. No. 7616256, issued by the PTO on December 17, 2024, for the "LA GOLF CLUB" mark, as depicted below, for providing club and golf club services, golf instruction, rental of golf equipment, night club services, social club services, bar and cocktail lounge services, and related services.

## LA GOLF CLUB

21.     LA Golf is the owner of a federal trademark registration, Reg. No. 7039807, issued by the PTO on May 2, 2023, for the "LAGP" mark, as depicted below, for golf club shafts, golf clubs, golf balls, head covers for golf clubs, and related golf merchandise. The LAGP mark has also been registered in the United Kingdom, the European Union, Japan, Mexico, and Australia.



22.     LA Golf has used the LA GOLF and LAGP trademarks in connection with golf shafts, golf clubs, and golf balls since May 2018, examples of which are shown below:

**TroyGould PC**

COMPLAINT

04847-0002  4918-3632-1300.1

1
2
3
4
5
6
7
8
9
10




11
12
13
14
15
16
17
18
19
20



21      23.    LA Golf has used the LA GOLF and LAGP trademarks in connection

22  with clothing, apparel, and golf accessories since 2019, examples of which are shown

23  below:

24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

 

 

 

24.    LA Golf has also used the LA GOLF and LAGP trademarks in connection with clothing, apparel, and golf accessories that utilize alternate logos for LA Golf, examples of which are shown below, including the stylized Gothic font of "LA Golf":



COMPLAINT

TroyGould
PC

04847-0002 4918-3632-1300.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






25.     LA Golf has used the LA GOLF CLUB mark in connection with club, lounge, and social event services since May 2022, hosting events at its LA Golf Club well before "LA Golf Club Inc." was even incorporated or announced, with intentions to expand the operations of LA Golf Clubs in California and around the world.

26.     The "LA GOLF," "LA GOLF CLUB," and "LAGP" trademarks are collectively referred to herein as the "LA GOLF MARKS."

**C.     TGL Launches Its New Golf League with a Los Angeles-Based Team**

27.     In August 2022, TGL announced the launch of its new "tech-infused" golf league, in partnership with the Tiger Woods, Rory Mcllroy, the PGA Tour and others. Like LIV Golf (and some in the media have suggested in response to LIV Golf), TGL uses a team-based format whereby teams of professional golfers compete against each other over the course of a season in a tech-forward made-for-TV indoor golf simulator competition. TGL teams, comprised of the top PGA Tour players in the world, compete on virtual reality courses that includes a simulator screen and a short game area with a rotating golf green. The course is located inside a stadium located in Florida that can seat up to 1,500 fans used solely for the TV competitions.

28.     In June 2023, TGL announced that its first team was a Los Angeles-based team called "Los Angeles Golf Club." In the announcement published online, TGL stated that "Los Angeles Golf Club (LAGC) . . . is one of six founding TGL teams" and "the newest addition to the LA sports scene," and that one of its owners was "aiming to make a big splash and establish LAGC as a golf club representative of the city it calls home." The same announcement quoted that same owner of Los Angeles Golf Club as stating: "Los Angeles is the perfect home for our TGL team. This city embodies the intersection of sports, technology, and entertainment, making it an ideal backdrop for the innovation and excitement we aim to bring to the world of golf and its fans." TGL's other teams hail from San Francisco, New York, Boston, Atlanta, and Jupiter (Florida).

29.     On information and belief, beginning in June 2023, TGL and LAGC began offering for sale various clothing and apparel items, as well as golf balls and related merchandise, depicting marks that are confusingly similar to one or more of the LA GOLF MARKS, examples of which are shown below:







**TroyGould PC**

COMPLAINT

04847-0002 4918-3632-1300.1

  

30.     As these images show, the main logo used by LAGC features a stylized "LA" with the words "Golf Club" (with one of the logos not even containing the words "Los" or "Angeles").  Moreover, the similarity of the marks used by Defendants' stylized "LA Golf Club" logo is particularly acute given the incorporation of the alternate "LA Golf" Gothic stylized font logo that LA Golf was already using and continues to use on items like hoodies, t-shirts, and letterman jackets, as shown above.

31.     Predictably, TGL and LAGC sell these products through the marketing channels that are identical or similar to those used by LA Golf.  For example, both companies sell their golf balls on golfballs.com and their merchandise / equipment at Golf Galaxy.

**D.     Immediate and Ongoing Confusion Expressed by Customers, Investors, and Partners in the Golf and Sports Industry**

32.     Immediately upon the announcement of LAGC and references to LA Golf Club being made by Defendants, LA Golf started receiving numerous questions and expressions of concern evidencing confusion over the use of the LA Golf marks. Several of LA Golf's partners called to congratulate the company, thinking that LA Golf was affiliated with TGL's inaugural team, and several existing investors and interest holders in LA Golf expressed concern and surprise because they thought LA

COMPLAINT

Golf was behind the TGL and LAGC based on their announcement. Multiple institutional investors that were considering investing in LA Golf also expressed confusion and concern about the announcement and the potential damage it can do to the brand and the value of the brand.

33.    Examples of the confusion and frustration on the part of consumers, customers, investors, and partners were and have been numerous and consistent, including but not limited to:

i)    In June 2024, Reed Dickens, LA Golf's chairman, was a guest of one of the owners of the Los Angeles Chargers at the Chargers' invitational golf tournament. LA Golf sponsored a hole at the tournament like it had in previous years, but this year the Los Angeles Golf Club also arrived as a sponsor, bringing a large trailer with the Gothic stylized "LA Golf Club" logo depicted on the side of the trailer. During the tournament, the Chargers staff was so confused that they brought over a box of LA Golf balls to the LAGC trailer, which an LA Golf employee noticed while walking by the trailer. After the tournament, the banquet speech thanking the sponsors mentioned "LA Golf" only, without making any distinction between LA Golf and LAGC.

ii)    Numerous consumers tagged LA Golf's Instagram handle (@lagolf) in posts that picture or refer to the Los Angeles Golf Club or its golf apparel, for example, where the consumers themselves or wearing such apparel. In one such comment to a photo or real posted by the Los Angeles Golf Club featuring its "Los Angeles Golf Club" attire, a consumer named Jacquelyn Dahl tagged @lagolf in addition to U.S. soccer star Alex Morgan, who is one of TGL's initial investors. Ms. Dahl is the CEO of a sports marketing firm that represents professional athletes.

iii)    Other examples of confusion involve instances in which consumers have sent messages directly to LA Golf ambassadors, golfers and content

creators asking about "LAGC" merchandise believing that the ambassadors are affiliated with the team. One such example featured a consumer named Jerry Wright messaging a content creator golfer who co-designed LA Golf apparel asking, "Where can I buy your LA Golf hoodie?" Included with the message was a link to a Los Angeles Golf Club hoodie, not the LA Golf hoodie that the ambassador had designed.

**E.**    **LA Golf Sends Demand Letters and Attempts to Resolve the Dispute**

34.    Once it became clear the confusion in the marketplace was enhancing and extending into the public sphere, LA Golf quickly provided an Initial Demand Letter to LAGC on October 18, 2023. LA Golf noted that its CEO had tried to resolve the dispute amicably on several occasions within the first few months after the team began its infringing marketing efforts, but TGL and LAGC had not been cooperative. LA Golf explained that it had used its LA GOLF and LAGP trademarks in connection with the sale of golf equipment since as early as May 2018, had used its LA GOLF CLUB mark in connection with club, lounge, and social event services since as early as May 2022, had invested tens of millions in building its brand, and had enormous commercial success selling products and services under the marks that TGL and LAGC were infringing. Because golf fans are likely to purchase golf apparel and equipment, LA Golf emphasized that its consumers would overlap with those of TGL and LAGC, enhancing the likelihood of confusion that the infringing use of LA Golf's trademarks would cause. LA Golf also detailed several instances of actual confusion that had already occurred. At that time, LA Golf sought an amicable resolution of the dispute that would put an end to the confusion caused by TGL and LAGC's infringement of its trademarks and indicated that it remained open to potential partnership opportunities among the parties, so long as they put an end to the confusion that was damaging LA Golf's brands.

35.    Far from stopping or curtailing their use of confusingly similar trademarks, TGL and LAGC abruptly broke off discussions with LA Golf in 2024.

**TroyGould PC**

15

COMPLAINT

04847-0002 4918-3632-1300.1

They proceeded to double down on their infringement, referring to the Los Angeles Golf Club consistently as "LA Golf Club" or "LAGC," instead of Los Angeles Golf Club. They also adopted a Gothic stylized LA Golf logo for the Los Angeles Golf Club that closely imitated the Gothic stylized logo that LA Golf had designed and was already using. And, making matters worse, they used the infringing marks and logos on products that LA Golf also sold under its name and marks, including apparel and golf balls. LA Golf monitored the effect of TGL and LAGC's infringing activities on its business and ultimately decided that it could no longer be tolerated.

36.    On January 3, 2025, LA Golf sent a Second Demand Letter. LA Golf explained that, in light of the upcoming launch of the TGL's inaugural season and the imminent expansion of LA Golf's own LA Golf Club entertainment venues, it needed to assure that TGL and LAGC's unauthorized and confusing use of its name and marks finally stopped. Once again, LA Golf expressed its hope to resolve the matter amicably. It demanded that TGL and LAGC immediately stop using the LA Golf, LA Golf Club, and LAGC names, as well as the Gothic stylized LA Golf logo, and take additional action to dispel the confusion caused by their prior infringing uses of those names and marks. The letter invited a renewed conversation. It was met with a lawsuit, with TGL racing to the courthouse to file a declaratory relief action in a state where none of the parties are located, without including LAGC.

37.    TGL then launched on January 7, 2025, referencing "LA Golf Club" and using the "LA Golf Club" stylized logo on its live broadcast, and LAGC engaged in its first team competition on January 14, 2025, drawing just under one million viewers.

## **FIRST CLAIM FOR RELIEF**

### **(Trademark Infringement under 15 U.S.C. § 1114)**

38.    Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

**TroyGould PC**

COMPLAINT

04847-0002  4918-3632-1300.1

39.    LA Golf owns registered trademarks for the LAGP and LA GOLF CLUB marks, which registrations are valid and enforceable.

40.    Defendants, without authorization from LA Golf, have made use of confusingly similar imitations of the LA GOLF MARKS in connection with the advertising, promotion, sale, offering for sale and distribution of goods and services, including their Los Angeles-based golf team and apparel, merchandise and golf equipment, in a manner that is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods and/or services are produced or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

41.    Defendants' use of the LAGC, LA GOLF and LA GOLF CLUB names, and variations thereof, are confusingly similar to the LA GOLF MARKS in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

42.    Upon information and belief, Defendants have made and will make substantial profits and gains from their willful acts of infringement to which they are not entitled in law or at equity.

43.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's LAGP, LA GOLF, and LA GOLF CLUB marks to Plaintiff's great and irreparable harm. Defendants have demonstrated their intention to continue in this willful conduct and to continue willfully infringing Plaintiff's trademarks and to act in bad faith, unless restrained by this Court.

44.    Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to

1  recover Defendants' profits, actual damages, enhanced profits and damages, costs,

2  and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

3  **SECOND CLAIM FOR RELIEF**

4  **(Trademark Infringement under 15 U.S.C. § 1125(a))**

5      45.    Plaintiff repeats and incorporates by reference the allegations in the

6  preceding paragraphs.

7      46.    LA Golf owns valid and enforceable trademark rights in each of the LA

8  GOLF MARKS. LA Golf commenced its use of each of the LA GOLF MARKS

9  before Defendants began using their infringing marks and LA Golf has used each of

10 the LA GOLF MARKS in commerce continuously since it first began using them

11 and is still using them currently.

12     47.    Each of the LA GOLF MARKS has acquired strong secondary meaning

13 in the marketplace and immediately indicates LA Golf as the exclusive source of the

14 products and/or services on which it is used. LA Golf has spent tens of millions of

15 dollars advertising its products and services using the LA GOLF MARKS and has

16 thereby generated enormous sales of its golf equipment, merchandise, and apparel,

17 and similarly used the marks to promote its successful consumer entertainment venue

18 in Los Angeles with plans to expand that business into other cities. LA Golf's

19 products and services have generated extensive positive media coverage and

20 customer testimonials and, but for Defendants' infringing use, LA Golf has used its

21 marks exclusively to generate significant brand recognition.

22     48.    Defendants, without authorization from LA Golf, have made use of

23 confusingly similar imitations of the LA GOLF MARKS in connection with the

24 advertising, promotion, sale, offering for sale and distribution of goods and services,

25 including their Los Angeles-based golf team and apparel, merchandise and golf

26 equipment, in a manner that is likely to cause confusion, deception, and mistake by

27 creating the false and misleading impression that Defendants' goods and/or services

28

**TroyGould
PC**

18

COMPLAINT

04847-0002 4918-3632-1300.1

are produced or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

49.    Defendants' use of the LA GOLF MARKS names, and variations thereof, are confusingly similar to the LA GOLF MARKS in violation of 15 U.S.C. § 1125(a). Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

50.    Upon information and belief, Defendants have made and will make substantial profits and gains from their willful acts of infringement to which they are not entitled in law or at equity.

51.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's LA GOLF MARKS to Plaintiff's great and irreparable harm. Defendants have demonstrated their intention to continue in this willful conduct and to continue willfully infringing Plaintiff's trademarks and to act in bad faith, unless restrained by this Court.

52.    Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF

### (False Association and Designation of Origin or Approval under 15 U.S.C. § 1125(a))

53.    Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

54.    Defendants' use of confusingly similar imitations of Plaintiff's LA GOLF MARKS is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods or services are produced or

COMPLAINT

1  distributed by Plaintiff, or are associated or connected with Plaintiff, or have the

2  sponsorship, endorsement, or approval of Plaintiff.

3      55.    In using the "LA Golf" and "LA Golf Club" names, and variations

4  thereof, Defendants have made false representations, false descriptions, and false

5  designations of or in connection with its goods and services in violation of 15 U.S.C.

6  § 1125(a). Defendants' activities are causing and, unless enjoined by this Court, will

7  continue to cause a likelihood of confusion and deception of members of the trade

8  and public, and, additionally, injury to Plaintiff's goodwill and reputation, for which

9  Plaintiff has no adequate remedy at law.

10     56.    Defendants' actions demonstrate an intentional, willful, and malicious

11 intent to trade on the goodwill associated with Plaintiff's LA GOLF MARKS to

12 Plaintiff's great and irreparable harm.

13     57.    Defendants have caused and are likely to continue causing substantial

14 injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to

15 recover Defendants' profits, actual damages, enhanced profits and damages, costs,

16 and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

17                      **FOURTH CLAIM FOR RELIEF**

18              **(False Advertising under 15 U.S.C. § 1125(b))**

19     58.    Plaintiff repeats and incorporates by reference the allegations in the

20 preceding paragraphs.

21     59.    Defendants have made false or misleading descriptions or

22 representations of fact in commercial advertising or promotion regarding their goods

23 and services and their connection to Plaintiff. These statements misrepresent the

24 nature, characteristics, qualities, or geographic origin of both Plaintiff and

25 Defendants' goods, services, and commercial activities.

26     60.    The false or misleading advertising or promotion concerns material facts

27 that could influence a consumer's purchasing decision and are likely to deceive a

28 reasonable consumer. As alleged above, numerous consumers were misled into

believing that Plaintiff made, sponsored, or approved Defendants' goods or services, or was affiliated, connected, or associated with Defendants.

61.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's LA GOLF MARKS to Plaintiff's great and irreparable harm.

62.    Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(b), 1116, and 1117.

## FIFTH CLAIM FOR RELIEF

### (Trademark Infringement under California Business and Professions Code § 14200)

63.    Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

64.    LA Golf owns valid and enforceable trademark rights in each of the LA GOLF MARKS. LA Golf commenced its use of each of the LA GOLF MARKS before Defendants began using their infringing marks and LA Golf has used each of the LA GOLF MARKS in commerce continuously since it first began using them and is still using them currently.

65.    Each of the LA GOLF MARKS has acquired strong secondary meaning in the marketplace and immediately indicates LA Golf as the exclusive source of the products and/or services in on which it is used. LA Golf has spent tens of millions of dollars advertising its products and services using the LA GOLF MARKS and has thereby generated enormous sales of its golf equipment, merchandise, and apparel, and similarly used the marks to promote its successful consumer entertainment venue in Los Angeles with plans to expand that business into other cities. LA Golf's products and services have generated extensive positive media coverage and

1  customer testimonials and, but for Defendants' infringing use, LA Golf has used its

2  marks exclusively to generate significant brand recognition.

3     66.   Defendants, without authorization from LA Golf, have made used of

4  confusingly similar imitations of the LA GOLF MARKS in connection with the

5  advertising, promotion, sale, offering for sale and distribution of goods and services,

6  including their Los Angeles-based golf team and apparel, merchandise and golf

7  equipment, in a manner that is likely to cause confusion, deception, and mistake by

8  creating the false and misleading impression that Defendants' goods and/or services

9  are produced or distributed by Plaintiff, or are associated or connected with Plaintiff,

10 or have the sponsorship, endorsement, or approval of Plaintiff.

11    67.   Defendants' use of confusingly similar imitations of Plaintiff's LA

12 GOLF MARKS is likely to cause confusion, deception, and mistake by creating the

13 false and misleading impression that Defendants' goods or services are produced or

14 distributed by Plaintiff, or are associated or connected with Plaintiff, or have the

15 sponsorship, endorsement, or approval of Plaintiff.

16    68.   Defendants' use of the "LA Golf" and "LA Golf Club" names, and

17 variations thereof, are confusingly similar to the LA GOLF MARKS in violation of

18 California's Model State Trademark Law (Cal. Bus. & Prof. Code §§ 14200, *et seq.*).

19 Defendants' activities are causing and, unless enjoined by this Court, will continue to

20 cause a likelihood of confusion and deception of members of the trade and public,

21 and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has

22 no adequate remedy at law.

23    69.   Defendants' actions demonstrate an intentional, willful, and malicious

24 intent to trade on the goodwill associated with Plaintiff's LA GOLF MARKS to

25 Plaintiff's great and irreparable harm.

26    70.   Defendants have caused and are likely to continue causing substantial

27 injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to

28

**TroyGould PC**

COMPLAINT

04847-0002 4918-3632-1300.1

1  recover Defendants' profits, actual damages, enhanced profits and damages, costs,

2  reasonable attorneys' fees, and punitive damages.

3                    **SIXTH CLAIM FOR RELIEF**

4         **(Trademark Infringement under California Common Law)**

5         71.    Plaintiff repeats and incorporates by reference the allegations in the

6  preceding paragraphs.

7         72.    LA Golf owns valid and enforceable trademark rights in each of the LA

8  GOLF MARKS. LA Golf commenced its use of each of the LA GOLF MARKS

9  before Defendants began using their infringing marks and LA Golf has used each of

10  the LA GOLF MARKS in commerce continuously since it first began using them

11  and is still using them currently.

12         73.    Each of the LA GOLF MARKS has acquired strong secondary meaning

13  in the marketplace and immediately indicates LA Golf as the exclusive source of the

14  products and/or services in on which it is used. LA Golf has spent tens of millions of

15  dollars advertising its products and services using the LA GOLF MARKS and has

16  thereby generated enormous sales of its golf equipment, merchandise, and apparel,

17  and similarly used the marks to promote its successful consumer entertainment venue

18  in Los Angeles with plans to expand that business into other cities. LA Golf's

19  products and services have generated extensive positive media coverage and

20  customer testimonials and, but for Defendants' infringing use, LA Golf has used its

21  marks exclusively to generate significant brand recognition.

22         74.    Defendants, without authorization from LA Golf, have made use of

23  confusingly similar imitations of the LA GOLF MARKS in connection with the

24  advertising, promotion, sale, offering for sale and distribution of goods and services,

25  including their Los Angeles-based golf team and apparel, merchandise and golf

26  equipment, in a manner that is likely to cause confusion, deception, and mistake by

27  creating the false and misleading impression that Defendants' goods and/or services

28

**TroyGould**
**PC**

23

COMPLAINT

1  are produced or distributed by Plaintiff, or are associated or connected with Plaintiff,

2  or have the sponsorship, endorsement, or approval of Plaintiff.

3      75.    Defendants' use of confusingly similar imitations of Plaintiff's LA

4  GOLF MARKS is likely to cause confusion, deception, and mistake by creating the

5  false and misleading impression that Defendants' goods or services are produced or

6  distributed by Plaintiff, or are associated or connected with Plaintiff, or have the

7  sponsorship, endorsement, or approval of Plaintiff.

8      76.    Defendants' use of the "LA Golf" and "LA Golf Club" names, and

9  variations thereof, are confusingly similar to the LA GOLF MARKS in violation of

10 California common law. Defendants' activities are causing and, unless enjoined by

11 this Court, will continue to cause a likelihood of confusion and deception of

12 members of the trade and public, and, additionally, injury to Plaintiff's goodwill and

13 reputation, for which Plaintiff has no adequate remedy at law.

14     77.    Defendants' actions demonstrate an intentional, willful, and malicious

15 intent to trade on the goodwill associated with Plaintiff's LA GOLF MARKS to

16 Plaintiff's great and irreparable harm.

17     78.    Defendants have caused and are likely to continue causing substantial

18 injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to

19 recover Defendants' profits, actual damages, enhanced profits and damages, costs,

20 reasonable attorneys' fees, and punitive damages.

21          **SEVENTH CLAIM FOR RELIEF**

22 **(Unfair Competition under California Business and Professions Code § 17200)**

23     79.    Plaintiff repeats and incorporates by reference the allegations in the

24 preceding paragraphs.

25     80.    Defendants have been and are passing off their goods and services as

26 those of Plaintiff, causing a likelihood of confusion or misunderstanding as to the

27 source, sponsorship, or approval of Defendants' goods, and causing a likelihood of

28

confusion as to Defendants' affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

81.    Defendants' conduct, as alleged herein, constitutes unfair, unlawful, and deceptive business acts or practices in violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).

82.    Defendants' unauthorized use of confusingly similar imitations of Plaintiff's LA GOLF MARKS has caused and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and restitution.

## EIGHTH CLAIM FOR RELIEF

### (False Advertising under California Business and Professions Code § 17500)

83.    Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

84.    As alleged above, Defendants, have made untrue or misleading descriptions or representations of fact in commercial advertising or promotion regarding their goods and services and their connection to Plaintiff. These statements misrepresent the nature, characteristics, qualities, or geographic origin of both Plaintiff and Defendants' goods, services, and commercial activities. Defendants knew or should in the exercise of reasonable care should have known that these statements were untrue or misleading.

85.    Defendants' conduct constitutes false advertising in violation of California' False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*).

86.    Defendants' unauthorized use of confusingly similar imitations of Plaintiff's LA GOLF MARKS has caused and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and restitution

## NINTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Common Law)

87.    Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

**TroyGould PC**

COMPLAINT

04847-0002 4918-3632-1300.1

88.    Defendants' conduct, as alleged herein, constitutes passing off, in violation of California common law. Specifically, Defendants have used infringing names and marks that are confusingly similar to Plaintiff's LA GOLF MARKS to advertise, promote, sell and offer for sale their goods and services in a manner that is likely to create confusion among consumers concerning wither Defendants' goods or services originate from Plaintiff or are otherwise sponsored, approved, produced, distributed or sold by Plaintiff.

89.    Defendants' acts of passing off constitute unfair competition under California common law.

90.    Defendants' unauthorized use of confusingly similar imitations of Plaintiff's LA GOLF MARKS has caused and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and restitution.

91.    Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, reasonable attorneys' fees, and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against Defendants, and each of them, as follows:

1.    That the Court enjoin Defendants from using any of the LA GOLF MARKS or any confusingly similar imitation of any of them;

2.    That the Court enjoin Defendants from conducting their business through unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this complaint;

3.    That the Court order Defendants to conduct corrective advertising and an information campaign advising consumers that they are not affiliated,

connected, or associated with Plaintiff, and that Plaintiff has not sponsored or approved their goods or commercial activities;

4. That the Court order Defendants to cease and desist from engaging in the activities amounting to infringement of Plaintiff's trademarks described in this complaint;

5. That the Court order Defendants to implement all measures necessary to remedy the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this complaint;

6. That the Court award damages to Plaintiff in an amount to be proved at trial;

7. That the Court order Defendants to disgorge all profits from their unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this complaint, and an award of enhanced or treble damages, in an amount to be determined at trial;

8. That the Court award punitive or exemplary damages to deter Defendants from further intentional acts of trademark infringement, false advertising, and unfair competition;

9. That the Court grant Plaintiff its reasonable attorneys' fees and costs of suit; and

10. That the Court grant such other and further relief as may be just and proper.

Dated:  January 30, 2025          TROYGOULD PC


By:  /s/ John C. Ulin
     John C. Ulin
     Benjamin W. Clements
Attorneys for Plaintiff
LA GOLF PARTNERS, LLC


## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury for all issues so triable.


Dated:  January 30, 2025          TROYGOULD PC


By:  /s/ John C. Ulin
     John C. Ulin
     Benjamin W. Clements
Attorneys for Plaintiff
LA GOLF PARTNERS, LLC

COMPLAINT

TroyGould PC

04847-0002 4918-3632-1300.1